

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2007

# Johar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2223

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Johar v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2223
_____

JITENDER SINGH JOHAR,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A75-363-913)
Immigration Judge: Henry Dogin

Submitted Under Third Circuit LAR 34.1(a)
February 7, 2007

Before: Judges Rendell, Van Antwerpen and Cowen, Circuit Judges.

(Filed February 8, 2007)

_____

OPINION
_____

PER CURIAM

I.

Jitender Singh Johar, a Sikh and citizen of India, entered the United States in 1995.

By way of a Notice to Appear issued in January 1998, Johar conceded his removability

for having stayed beyond the period authorized and the Immigration Judge denied his application for asylum and withholding of removal. The Board of Immigration Appeals ("BIA") dismissed Johar's appeal. In 2002, the BIA denied Johar's motion to reopen the proceedings. In 2005, the BIA denied Johar's second motion to reopen as time and number barred. In February 2006, Johar filed a third motion to reopen, seeking a remand to the Immigration Judge for adjustment of status based on his approved I-140 petition for alien worker. The BIA denied the motion as number barred under 8 C.F.R. § 1003.2(c)(2). Johar filed this timely pro se petition for review.

II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(5). The only issue before us is the BIA's February 2006 order denying Johar's third motion to reopen. See 8 U.S.C. § 1252(b)(1) (requiring a petition for review to be filed within thirty days of the BIA's order). We review the BIA's denial of a motion to reopen for abuse of discretion, whereby we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006).

A petitioner is generally limited to filing one motion to reopen. See 8 C.F.R. § 1003.2(c)(2). Johar filed two previous motions to reopen, and thus is numerically barred from filing another motion unless he satisfies one of the exceptions to the regulation. See id. Johar's pending application for adjustment of status does not provide an exception to the one motion rule. See Bhiski v. Ashcroft, 373 F.3d 363, 371 (3d Cir. 2004)

2

(recognizing that pursuant to In re Velarde-Pacheco, 23 I & N. Dec. 253 (BIA 2002), a motion to reopen for adjustment of status may not be granted if, inter alia, the motion is numerically barred). To the extent Johar is seeking to re-litigate his asylum and withholding of removal claims, he does not provide any evidence of changed circumstances in India, and thus does not satisfy the exception for a change in circumstances arising in the country to which deportation has been ordered. See 8 C.F.R. § 1003.2(c)(3)(ii). The other exceptions to the numerical bar set forth in the regulations are clearly not applicable. See 8 C.F.R. § 1003.2(c)(3).

Accordingly, the BIA did not abuse its discretion in denying the motion to reopen. We will therefore deny the petition for review.